

**FILED**
OCT 30 2014

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

Owners Insurance Company,   Court File No. 14-4163

    Plaintiff,

v.   **COMPLAINT**

S and S Builders, Inc.; Sioux Falls
Construction Company and Flandreau
Santee Sioux Tribe,
    Defendants.

---

Plaintiff, Owners Insurance Company ("Owners"), as and for its Complaint against Defendants S and S Builders, Inc. ("S and S"); Sioux Falls Construction Company ("Sioux Falls Construction") and Flandreau Santee Sioux Tribe (the "Tribe"), states and alleges as follows:

1. Owners brings this action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

2. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in the District of South Dakota pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in South Dakota, and because all Defendants are residents of the State of South Dakota and are subject to personal jurisdiction in this District.

4. Owners is an insurance company with its principal place of business in Lansing, Michigan. Owners is authorized to do business as an insurance company in the State of South Dakota.

5. S and S is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota.

6. Sioux Falls Construction is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota.

7. The Tribe is a federally recognized Indian tribe which owns and operates the Royal River Casino and Hotel (the "Casino") in Flandreau, South Dakota.

8. Upon information and belief, Sioux Falls acted as general contractor for the construction of an addition to the Royal River Motel at the Casino, which project was under construction during the period 2002 through 2004 (the "Project").

9. S and S was a subcontractor of Sioux Falls Construction on the Project and performed framing work at the Project.

10. The Tribe has commenced litigation against Sioux Falls Construction which is currently pending in the Flandreau Santee Sioux Tribal Court, Court File Number 08-16 (the "Underlying Litigation").

11. In the Underlying Litigation, the Tribe alleges that the Project was not properly constructed in accordance with the plans and specifications for the Project and that Sioux Falls Construction is in breach of its contract with the Tribe, has breached warranties, is guilty of deceit and bad faith, has breached a duty of habitability and is liable for punitive damages.

12. Sioux Falls Construction has brought third-party claims against S and S in the Underlying Litigation alleging that the liability of Sioux Falls Construction to the Tribe, if any,

was caused by the breach of contract of S and S and that Sioux Falls Construction is entitled to contribution and indemnity from S and S.

13. Owners issued a Tailored Protection Insurance Policy to S and S (policy number 034610-77206783-04) which was in force and effect from January 1, 2003 through January 1, 2006 (the "Owners Policy").

14. S and S tendered the Underlying Litigation to Owners seeking defense and indemnity against the claims being asserted against it therein.

15. Owners accepted such tender and has been defending S and S in the Underlying Litigation under a reservation of rights which includes, among other things, a reservation of Owners' right to deny any claims for indemnity, to withdraw from the defense and to commence the instant action.

16. The Owners Policy provides coverage for those sums that the insured becomes legally obligated to pay, as damages, because of "property damage." To be covered, any "property damage" must occur during the policy period for the Owners Policy and must be caused by an "occurrence."

17. The term "property damage" is defined to mean physical injury to tangible property and the loss of use of tangible property, even if it has not suffered physical injury.

18. The Owners Policy contains the following exclusions:

This insurance does not apply to:

a. Expected Or Intended Injury

… "property damage" expected or intended from the standpoint of the insured. …

* * *

j. Damage To Property

3

"Property damage" to:

\* \* \*

(6) That particular part of real property on which any insured or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(7) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

Paragraph (7) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

\* \* \*

l.    Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."

m.    Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) a defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) a delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

19.    All or some of the claims at issue in the Underlying Litigation do not constitute "property damage," as that term is defined in the Owners Policy.

20. Any claims of "property damage" being asserted against S and S in the Underlying Litigation are excluded under the Owners Policy.

21. There is no coverage under the Owners Policy for the claims asserted against S and S in the Underlying Litigation.

22. Owners has and had no duty to defend or indemnify S and S in the Underlying Litigation.

23. Sioux Falls Construction has tendered the Underlying Litigation to Owners, seeking coverage as an "additional insured" under the Owners Policy.

24. By endorsement ("Additional Insured Exclusion – Products – Completed Operations," Form 55202 (12-04), hereinafter, the "Endorsement"), Sioux Falls Construction was named as an additional insured under the Owners Policy, but only for the policy period beginning January 1, 2006.

25. Pursuant to the terms of the Endorsement, Sioux Falls Construction status as an additional insured was only "with respect to liability arising out of 'your work' for that insured by or for you." Any coverage provided to Sioux Falls Construction under the Endorsement does not apply "for the 'products-completed operations hazard'" and is subject to all other terms and conditions of the Owners Policy, including all exclusions applicable to S and S.

26. Owners denied the tender of Sioux Falls Construction.

27. There is no coverage under the Owners Policy for the claims asserted against Sioux Falls Construction in the Underlying Litigation.

28. Owners has and had no duty to defend or indemnify Sioux Falls Construction in the Underlying Litigation.

WHEREFORE, Auto-Owners demands judgment as follows:

1. Declaring that there is no coverage under any and all policies issued by Owners to S and S for the claims at issue in the Underlying Litigation;

2. Declaring that Owners has and had no duty to defend or indemnify S and S and/or Sioux Falls Construction in the Underlying Litigation and/or against the claims at issue therein; and

3. For such further declarations and for such further and additional relief as the Court deems just and equitable.

DATED: October 30, 2014

BEARDSLEY, JENSEN & VON WALD, LLC

By: _____
Gary Jensen
Attorneys for Plaintiff
4200 Beach Dr., Suite #3
Rapid City, SD 57709
Phone: (605) 721-2800
Fax: (605) 721-2801

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial of all their claims.

Gary Jensen